**YI NAM HUANG, aka Yi Lan Huang, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 07–4165–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**66**

Raymond Lo, Kuzmin & Associates, P.C., New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Nam Huang, a native and citizen of the People's Republic of China, seeks review of an August 30, 2007 order of the BIA denying her motion to reopen. *In re Yi Nam Huang*, No. A077 957 658 (B.I.A. Aug. 30, 2007). We assume the

parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Huang's untimely motion to reopen.

As an initial matter, Huang waives any challenge to the BIA's decision insofar as it declined to *sua sponte* reopen her proceedings and determined that she was ineligible to file a successive asylum application based on her changed personal circumstances. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Huang argues that the BIA abused its discretion in finding that she failed to demonstrate material changed country conditions excusing the untimeliness of her motion to reopen where it failed to adequately consider the evidence that she submitted in support of her motion. However, Huang cites no specific evidence in the record that the BIA ignored and the record does not compellingly suggest that the BIA ignored any of the evidence that she submitted in support of her motion to reopen. *See Jian Hui Shao*, 546 F.3d at 169; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir. 2006). Moreover, we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to demonstrate material changed country conditions or establish a reasonable possibility of persecution. *See Jian Hui Shao*, 546 F.3d at 169–73 (noting that

"[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).